DETERMINED IN THE

# FIRST DEPARTMENT,

AT

# GENERAL TERM,

## April, 1878.

---

## HIRAM MARSH, APPELLANT, v. JOHN WOOLSEY, RESPONDENT.

*Examination of party as witness—must be in county of his residence, or in which he carries on business—Code of Civil Procedure, § 886—Failure to pay costs of motion—what proceedings not stayed by—Code of Civil Procedure, § 779.*

The provision of section 886 of the Code of Civil Procedure, directing that a party to be examined as a witness before trial shall not, if a resident of this State, be required to attend in any county other than that in which he resides or where he has an office for the regular transaction of business in person, is peremptory, and will be enforced by the courts.

Section 779, providing that when the costs of a motion directed to be paid are not paid as therein prescribed, all proceedings on the part of the party required to pay them are stayed without further direction of the court, does not apply to a motion to vacate the order imposing the costs, on the ground of irregularity.

APPEAL from an order of the Special Term, vacating orders requiring defendant to appear and be examined as a witness before trial.

*James Henderson*, for the appellant.

*Philip S. Crook*, for the respondent.

HUN — VOL. XIV.        1

INGALLS, J. :

This is an appeal from an order of the Special Term vacating two orders previously granted — one granted by a justice of this court, requiring the defendant to appear and be examined as a witness pursuant to section 870 and succeeding sections of the Code of Civil Procedure; the other an order of the Special Term directing the defendant to appear and be examined before the referee named in the original order, and to pay ten dollars costs of the motion. The defendant did not appear, nor has he paid the ten dollars. The orders were vacated upon the ground that the defendant was not a resident of the city and county of New York, wh, :e he was by the order required to appear and be examined, but was, at the time the order for his examination was made, and for a long time previous thereto had been, and still is, a resident of Flatbush, in the county of Kings; and had not an office for the regular transaction of business personally in the city and county of New York. Section 886 provides: "Where a person to be examined, as prescribed in this article, is a resident of the State, he shall not be required to attend in any county other than that in which he resides or where he has an office for the regular transaction of business in person." This statute is peremptory, and obviously intended to prevent one party to 'an action from compelling his adversary or a witness to attend, for the purpose of such an examination, out of the county where he resides, or actually transacts business personally, thereby subje - ing such party or witness to the inconvenience and expense consequent upon going abroad for such purpose. This is a right secured to a party and witness in such a proceeding, of which neither should or can be deprived. The provision is salutary and just, and should be enforced by the courts. It would be an intolerable burden for parties or witnesses to be compelled to travel from one end of the State to another, to be examined in such a proceeding. This case furnishes an illustration. The party sought to be examined is seventy years of age, and an invalid, and should not be compelled to leave his home on such an errand. The judge who granted the original order very properly, upon a presentation of the facts, granted the order to show cause at the Special Term why his order should not be vacated.

Upon the return of that order the parties were fully heard, and the order appealed from made, which was eminently proper, and accords with the letter and spirit of the statute referred to.

It is further insisted that the motion could not be made until the defendant had paid the costs imposed by the Special Term. Section 779 provides: " Where costs of a motion directed by an order to be paid are not paid within the time fixed for that purpose by the order, or if no time is so fixed, within ten days after service of a copy of the order, all proceedings on the part of the party required to pay them are stayed, without further direction of the court, until payment thereof." This provision does not apply to a motion to set aside the order imposing costs, on the ground of irregularity, but to other proceedings in the action. It would be an unwarrantable construction to hold that a party must submit to the terms of an order, in part at least, before he can move to vacate it for irregularity.

The order should be affirmed with costs.

Brady, J., concurred.   Davis, P. J., not acting.

Order affirmed, with costs.